# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAROLD WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-CV-4742 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| R. JAMES NICHOLSON, Secretary, United ) | |
| States Department of Veteran Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harold Wilson claims that he was discriminated against on the basis of his race, age, and gender when he was not promoted as a housekeeping aide at the Hines Veterans Affairs Hospital in Chicago, Illinois. He also claims that the failure to promote him was retaliation for prior EEO activity. Defendant, R. James Nicholson, Secretary of the United States Department of Veteran Affairs, has filed a summary judgment motion [27] on all of Plaintiff's claims. For the following reasons, the Court grants Defendant's motion.

## I. Background

Plaintiff, an African-American and American-Indian, was born in November 1942. He is a veteran of the United States Armed Forces and has been employed at the Hines Veterans Affairs medical facility ("the VA") in Hines, Illinois, as a housekeeping aide, grade WG-2, since 1987. Plaintiff's primary duties include infection control, cleaning patient rooms, treatment rooms, and restrooms, making and washing beds, and moving equipment, supplies, and furniture. While employed at Hines, Plaintiff has received service awards, including a twenty-five year service pin as well as performance awards and certificates of appreciation. Plaintiff also has filed six EEO claims, all related to the VA's failure to promote him within the organization.

In September 2005, the VA posted a vacancy for a grade WG-3 housekeeping aide. Plaintiff applied for the position, which is one grade above his current WG-2 position. A three-member screening panel reviewed the applicants, including Plaintiff, and selected two candidates for interviews. Plaintiff and Tyrone Carter advanced to the interview stage.[1] In October 2005, Plaintiff and Carter were interviewed by (i) Judy Aldridge, a forty-nine year old African-American female with prior EEO activity; (ii) Martin Anderson, a fifty year old African-American male, and (iii) Robert Dunson, a fifty-six year old African-American male with prior EEO activity. Based on the interviews, Plaintiff received scores of 19 (Aldridge), 20 (Anderson), and 9 (Dunson), for a total of 48, while Carter received scores of 25 (Aldridge), 24 (Anderson), and 16 (Dunson), for a total of 65.[2] According to the panel members, Plaintiff scored lower than Carter because Plaintiff's answers to the interview questions were vague and because Carter demonstrated extensive knowledge of the housekeeping process. The panel then referred the two applicants, along with their interview scores, to the "selecting official."

According to Plaintiff, he and Martin Anderson, one of his interviewers, have a tense relationship. Plaintiff contends that he has been involved in several "confrontational situations" with Anderson. Plaintiff also claims that Anderson threatened to hit him once. Plaintiff believes that Anderson helped prepare Carter for the interview and that Carter was selected for the position because Carter and Anderson are friends.

In November 2005, Laurin Devine, a Caucasian male over forty, selected Carter for the WG-3 vacancy. According to Devine, he selected Carter over Plaintiff because Carter's

---

[1] Carter is an African-American male, over the age of forty.

[2] Plaintiff claims that Dunson made a mistake and should have given him a higher score. Plaintiff has not submitted admissible evidence to support that contention. However, even if Plaintiff's score were corrected to reflect the score that he believes Dunson intended, Plaintiff still would have scored lower than Carter.

interview scores were higher. After learning that he was not selected for the vacancy, Wilson filed a formal EEO complaint with the Department of Veteran Affairs, claiming that he was denied a promotion based on his age, race, color, and retaliation for prior EEO activity. On December 6, 2006, the Department issued a final agency decision, denying Plaintiff's claim. Plaintiff then appealed the decision to the Equal Employment Opportunity Commission, which denied his appeal on May 24, 2007. Plaintiff then filed his complaint in this Court, alleging that Defendant discriminated against him on the basis of his age (Count I) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634, and his race and gender[3] (Counts II and III) in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000(e) *et seq*. Plaintiff also alleges that Defendant unlawfully retaliated against him for filing prior EEO claims (Count IV), in violation of Title VII.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that

---

[3] Defendant contends that Plaintiff dropped his gender discrimination claim during his deposition. However, Defendant has failed to attach the relevant deposition testimony to any of its submissions. The Court therefore will consider whether the record supports a claim for gender discrimination.

a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

No heightened standard of summary judgment exists in employment discrimination cases, nor is there a separate rule of civil procedure governing summary judgment in employment cases. *Alexander v. Wisconsin Dept. of Health and Family Servs.*, 263 F.3d 673, 681 (7th Cir. 2001) (citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)). However, intent and credibility frequently are critical issues in employment cases that in many instances are genuinely contestable and not appropriate for a court to decide on summary judgment. See *id*. Nevertheless, summary judgment in favor of the defendant is hardly unknown or, for that matter, rare in employment discrimination cases. *Wallace,* 103 F.3d at 1396.

    **B.**    **Plaintiff's Title VII and ADEA Discrimination Claims**

Plaintiff claims that Defendant discriminated against him on the basis of race, sex, and age in violation of Title VII of the Civil Rights Act and the ADEA. Title VII prohibits discrimination in employment: "It shall be an unlawful employment practice for an employer * * * to discharge any individual because of such individual's race, color, religion, sex, or

national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA similarly proscribes employment discrimination on account of a person's age. 29 U.S.C. § 623. To prove a case of discrimination under Title VII or the ADEA, a plaintiff may show discrimination under either the "direct" or "indirect" methods of proof. *Atanus v. Perry*, 520 F.3d 662, 671-72 (7th Cir. 2008) (explaining the misleading nature of this nomenclature and reiterating that the direct method may be proven with either direct or circumstantial evidence and that the indirect method proceeds under the burden-shifting rubric set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973)); see also *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Under the direct method of proof, the plaintiff may introduce either direct or circumstantial evidence to create a triable issue as to whether the adverse employment action was motivated by a discriminatory intent. *Id.*; see also *Isbell v. Allstate Ins. Co.,* 418 F.3d 788, 794 (7th Cir. 2005); *Essex v. United Parcel Serv. Inc.*, 111 F.3d 1304, 1308 (7th Cir. 1997). In other words, the plaintiff must show either "an acknowledgement of discriminatory intent by the defendant or circumstantial evidence that provides the basis for an inference of intentional discrimination." *Dandy v. United Parcel Service, Inc.,* 388 F.3d 263, 272 (7th Cir. 2004) (citing *Gorence v. Eagle Foods Ctrs., Inc.,* 242 F.3d 759, 762 (7th Cir. 2001)).

Under the indirect method of proof initially set forth in *McDonnell Douglas Corp. v. Green*, a plaintiff first must establish a *prima facie* case of discrimination. 411 U.S. 792, 802-04 (1973). In order to establish a *prima facie* case of race, sex, and/or age discrimination, a plaintiff must establish that: (1) he was a member of a protected class; (2) he was qualified for the job or was otherwise meeting the defendant's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the defendant treated similarly situated employees outside the protected class more favorably. See *Fane v. Locke Reynolds, LLP,* 480 F.3d 534, 538 (7th

5

Cir. 2007). "The *McDonnell Douglas* framework applies to both Title VII and ADEA claims." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006) (citing *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir. 2002)).

If the plaintiff successfully establishes a *prima facie* case, a rebuttable inference of discrimination arises, and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. See *Essex v. United Parcel Serv. Inc.*, 111 F.3d 1304, 1308 (7th Cir. 1997); see also *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). Once the defendant provides a legitimate explanation, the burden then shifts back to the plaintiff to prove that the proffered justification is pretext. *Fane*, 480 F.3d at 538. The Seventh Circuit has counseled that where a plaintiff has not met his burden of showing that a defendant's explanations are merely a pretext for discrimination, it is not necessary for a court to decide whether the plaintiff also established a prima facie case. See *Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1391 (7th Cir. 1990); see also *Box v. A & P Tea Co.*, 772 F.2d 1372, 1378 (7th Cir. 1985) (moving directly to third step of *McDonnell Douglas* approach where defendant articulated and offered proof of a legitimate, nondiscriminatory reason for adverse employment action). In this case, it makes sense to do just that, as Defendant's legitimate reason for not promoting Plaintiff applies equally to each of Plaintiff's discrimination claims.

Defendant claims a legitimate, non-discriminatory reason for promoting Carter, an African-American male over the age of forty, instead of Plaintiff – namely, that all three interviewers ranked Carter higher because (1) Wilson's answers to questions during the interview were vague compared to Carter's, and (2) Carter demonstrated more extensive knowledge of the housekeeping process. Presented with two candidates, the decision-maker,

Laurin Devine, selected Carter for the WG-3 vacancy because Carter's interview scores were higher.

To avoid summary judgment, Plaintiff must prove by a preponderance of the evidence that this proffered reason is pretextual. A plaintiff shows that a reason is pretextual "directly by persuading the court that a discriminatory reason more likely motivated the [defendant] or indirectly by showing that the [defendant's] proffered explanation is unworthy of credence." *Blise v. Antaramian*, 409 F.3d 861, 867 (7th Cir. 2005) (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). An employer's decision to promote is pretextual when "it is a lie – a phony reason meant to cover up a disallowed reason. Otherwise, an employer's decision to favor one candidate over another can be 'mistaken, ill-considered or foolish, [but] so long as [the employer] honestly believed those reasons, pretext has not been shown.'" *Id*. (quoting *Millbrook v. IBP, Inc*., 280 F.3d 1169, 1175 (7th Cir. 2002)). In order to establish pretext, Plaintiff must show that Defendant's articulated reasons for its decision (1) had no basis in fact; (2) did not actually motivate the Defendant's decision; or (3) were insufficient to motivate the actions. *Hughes v. Brown*, 20 F.3d 745, 747 (7th Cir. 1994). Plaintiff must "*specifically* refute facts which allegedly support the employer's proffered reasons"; conclusory statements about an employer's prejudice are insufficient to establish pretext. *Alexander v, CIT Tech. Fin. Servs., Inc.*, 217 F. Supp. 2d 867, 890 (N.D. Ill. 2002) (emphasis in original).

Plaintiff believes that Anderson, one of his interviewers, was biased because Carter allegedly is related to Anderson and/or lived on the same block as him for twenty years. For various reasons, Plaintiff's own opinions, which have not been substantiated by any additional evidence, are insufficient to withstand summary judgment. To begin with, the fact that Carter and Anderson might have been friends or relatives is completely unrelated to race, age, or sex.

Moreover, Anderson did not make the decision to promote Carter; rather, Devine selected Carter for the WG-3 position. Anderson was one of three individuals who interviewed the two candidates and all three interviewers – not just Anderson – gave higher scores to Carter. In fact, the difference between the score that Anderson gave to Plaintiff and the score that he gave to Carter was less than the difference between the comparative scores of the other interviewers.[4] Furthermore, to the extent that Plaintiff believes that he was more qualified for the promotion, "'a plaintiff's own opinions about [his] work performance or qualifications do not sufficiently cast doubt on the legitimacy of [his] employer's proffered reasons for its employment actions.'" *Brown v. Illinois Dept. of Natural Resources*, 499 F.3d 675, 684 (7th Cir. 2007) (citing *Millbrook*, 280 F.3d at 1181).

There is nothing in the record that would support a finding that Defendant's stated reasons for promoting Carter over Plaintiff were fabrications. Plaintiff has not brought forth any evidence that the reason offered by Devine (the relevant decisionmaker) for choosing Carter over Plaintiff – because Carter received a higher score from each individual who interviewed him – was a lie. Moreover, Plaintiff has not provided any evidence (other than his subjective beliefs) that any decision was motivated by a racial and sexual animus, or demonstrated that age was a factor in the decision. There simply is no evidence from which a reasonable person could find that Anderson treated Plaintiff as he did because of Plaintiff's race, gender, or age. The fact that there might have been tension or friction between Anderson and Plaintiff, without more, is not indicative of the alleged discrimination, but perhaps of a difficult working environment and of differences of opinion within that environment – neither of which is actionable.

---

[4] Dunson scored Carter 7 points higher than Plaintiff; Aldridge scored Carter 6 points higher; Anderson scored Carter 4 points higher.

The Court does not sit as a "super personnel department" to review an employer's business decisions (see *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467, 471 (7th Cir. 2000)), and thus cannot adjudicate whether co-workers communicate well, whether Anderson was insufficiently sensitive to Plaintiff's emotional needs, whether Anderson "liked" Plaintiff, or whether Defendant made accurate, wise, or well-considered employment decisions. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) ("The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise or well-considered"). Wilson appears to be an experienced, well-regarded employee; however, he has not presented any evidence that the same descriptions do not apply equally (or more so) to Carter. Accordingly, Plaintiff has not met his burden of proving that Defendant's articulated legitimate, nondiscriminatory reason for promoting Carter over Plaintiff was a pretext. In the absence of evidence of pretext, Plaintiff's claims of discrimination must fail. Therefore, the Court grants summary judgment in favor of Defendant on Plaintiff's Title VII claims (Counts I, II, and III).

### D. Retaliation

Plaintiff also sued the VA for retaliation, claiming that the VA failed to promote him in retaliation for prior EEO activity.[5] In his response to Defendant's motion for summary judgment, Plaintiff failed to offer any admissible evidence or argument regarding his retaliation claim. When a party fails to address an argument in his summary judgment brief, it can be deemed a waiver. See, *e.g.*, *Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008); *Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 810 (7th Cir. 2001) (finding that plaintiff waived

---

[5] Based on the record before the Court, it appears that Plaintiff's last EEO activity took place in 1992 or 1993, when Plaintiff filed an EEO claim after he applied for a WG-3 housekeeping vacancy but was not selected for the position. Thus, it appears that Plaintiff is alleging that Defendant, in not selecting him for the WG-3 position in 2005, was retaliating against him for filing prior EEO claims in 1993 and earlier.

9

retaliation claim by failing to argue retaliation before the district court in opposition to defendant's summary judgment motion); *but see Nabosny v. Podlesny*, 92 F.3d 446, 457 n. 9 (7th Cir. 1996) (non-moving party's failure to raise an issue in response to summary judgment motion does not result in waiver). However, in the interest of justice, the Court will address Plaintiff's retaliation claim.

Under the anti-retaliation provision of Title VII, it is unlawful for an employer to "discriminate against" an employee "because he has opposed any practice made an unlawful employment practice" by the statute or "because he has made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." *Brown*, 499 F.3d at 684 (quoting 42 U.S.C. § 2000e-3(a)). "A plaintiff may prove retaliation by using either the direct method or the indirect, burden-shifting method." *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 662 (7th Cir. 2006) (quotations and citations omitted). "Under the direct method, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) there was a causal connection between the two." *Id.* at 663 (quotations and citations omitted). Alternatively, under the indirect approach, in order to establish a *prima facie* case for retaliation, the employee must show that (1) after filing a charge, the employee was subject to adverse employment action; (2) at the time, the employee was performing his job satisfactorily; and (3) no similarly situated employees who did not file a charge were subjected to an adverse employment action. See *Hudson v. Chicago Transit Auth.,* 375 F.3d 552, 560 (7th Cir. 2004). "'If the plaintiff establishes a prima facie case, the burden of production shifts to the employer to present evidence of a non-discriminatory reason for its employment action.'" *Tomanovich,* 457 F.3d at 663 (quoting *Adusumilli v. City of Chicago,* 164 F.3d 353, 362 (7th Cir. 1998)). Then, if the employer presents evidence of a non-discriminatory

reason for its employment action, "'the burden shifts back to the plaintiff to demonstrate that the employer's reason is pre-textual.'" *Id.* (quoting *Moser v. Ind. Dep't of Corr.,* 406 F.3d 895, 903 (7th Cir. 2005)).

Plaintiff did not produce direct evidence of retaliation – in fact, other than giving his subjective beliefs on why he was passed over for promotion, Plaintiff did not provide the Court with any evidence as to why he was passed over for promotion. As with Plaintiff's discrimination claims, the Court need not determine whether Plaintiff has established a *prima facie* case of retaliation; rather, the Court can move directly to whether Defendant's articulated legitimate, nondiscriminatory reason for promoting Carter over Plaintiff was a pretext. Defendant has presented evidence that Carter, also male, African-American, and over forty, received better interview scores than Plaintiff and that Devine's decision to promote Carter was motivated by that reason. That qualifies as a legitimate, non-discriminatory reason for promoting Carter over Plaintiff. For the same reasons set forth in the Court's analysis of Plaintiff's discrimination claims, the Court finds that Plaintiff has failed to demonstrate that Defendant's reason for promoting Carter was a pretext for retaliating against Plaintiff.

### III. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment [27] is granted and judgment is entered in favor of Defendant, R. James Nicholson, Secretary of the United States Department of Veteran Affairs, and against Plaintiff Harold Wilson, on all claims.

Dated: February 24, 2009

_____
Robert M. Dow, Jr.
United States District Judge